NATIONAL LIFE & ACCIDENT INSURANCE COMPANY *v.* SHIRLEY TURNER.

(*Nashville.* December Term, 1928.)

Opinion filed May 27, 1929.

H. B. Moriarity, for plaintiff in error.

Ewing, King & King, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

Shirley Turner instituted this suit to recover $243 on an endowment insurance policy issued upon the life of Ed Harmon and in which she was named as beneficiary. The policy was issued on May 25, 1925, and the insured died on December 5, 1925. The policy contained this provision:

"Proofs of death under this Policy shall be made upon blanks to be furnished by the Company and shall contain answers to each question propounded to the claimant, physicians and other persons, and shall contain the record, evidence and verdict of the Coroner's inquest, if any be held."

There was also printed on the policy the following:

"If claim arises, claimant should personally call at District Office through which premiums have been paid. Do not employ undertaker or anybody else to collect."

In compliance with this instruction, the beneficiary applied at the District Office where she executed her written statement on the blank furnished to her by the Com-

pany in which she stated that the insured died on the date heretofore stated of tuberculosis at the Oakville Sanitarium, Oakville, Tennessee.

The representative of the Company then gave the beneficiary a blank and instructed her to carry same to Oakville to be filled in and executed by the attending physician, which she did. The physician stated that deceased died from tuberculosis on the date heretofore stated, and his statement contained this further recital: "Duration from personal knowledge or belief 9-3-25 to 12-5-25. Duration from history 1 year."

Upon delivering the physician's statement to the District Office the beneficiary was advised that the Company was not liable for the face value of the policy for' the reason that the insured had tuberculosis at the time the policy was issued, and that the Company would only refund the premiums which had been paid.

The defendant in error is an ignorant, illiterate colored woman. She testified that she did not know what was in the physician's statement, and when the above statements were made to her by the representative of the Company she repudiated the Company's claim and declined to accept the premiums in payment, and subsequently instituted this suit.

The suit was originally brought before a justice of the peace. The transcript shows that the papers in that court have been lost, and hence there are no pleadings in the record, and the only means by which we can determine what the issues were is by reference to the charge. The trial judge said:

"You will look to the witnesses who appeared in the trial and the other evidence, proof of death filed by the

134

plaintiff, and from all the evidence determine the issues involved. . . .

"Now, in this controversy the plaintiff says that the insured Harmon, on the 25th day of May, 1925, was in sound health. That at the time the policy was taken out he was in sound health, but that in September he was taken to Oakville Sanitarium and that he died on December 5, 1925.

"On the other hand, the defendant contends that on the date May 25, 1925, the date that the policy was issued, that Harmon was not in sound health. That at the time the policy was taken out he was then afflicted with pulmonary tuberculosis, and died in December.

"As I say that is the question for you to determine, and it is a question of fact for you to decide. There is nothing that I can do to help you decide it. It is a question of fact. If the man had tuberculosis on that date, or if anything was materially wrong with him, that is a question for you to determine, whether he had tuberculosis on May 25, 1925. If he did, then under this provision of the policy which I read, the plaintiff would not be entitled to recover the two hundred and forty-three dollars. If on the other hand, you find that he was in sound health at that date, why then she would be entitled to recover this amount.

"Now, gentlemen of the jury, the burden of proof in the case rests upon the plaintiff to show by the greater weight of the evidence—the preponderance of the evidence, that he was in sound health on May 25, 1925."

It will thus be seen that the issue submitted to the jury was whether the insured had tuberculosis at the time the policy was issued.

As further bearing. upon this question we quote from the brief filed on behalf of plaintiff in error in the Court of Appeals, as follows:

"The real question for consideration on this appeal is the soundness of the health or unsoundness of the health of Ed Harmon, the insured, at the time of the issuance of the policy of insurance sued on, to-wit, his health or lack of health on May 25, 1925."

It will be observed that this issue was squarely submitted to the jury, in which they were told to take into consideration the proof of death submitted and the testimony of the witnesses, from all of which they were to determine whether the insured had tuberculosis at the time said policy was issued. The trial court also stated to the jury specifically that the burden of proof was on the plaintiff to show that he did not have tuberculosis at the time stated.

The jury returned a verdict in favor of the plaintiff, and upon appeal the Court of Appeals found that there was ample evidence to sustain the verdict, but reversed the case because of the refusal of the trial court to give the following instruction tendered by counsel for the Insurance Company, to-wit:

"The plaintiff has introduced in evidence a proof of death of Ed Harmon showing that he has been suffering from tuberculosis for a period of one year from September 5, 1925. Unless you find that the proof was submitted through mistake or the proof contained in the same has been refuted by the preponderance of the evidence, then I charge you this is an admission binding on the beneficiary and showing that the deceased was not in sound health on the date of the issuance of the policy, and your verdict must be for the defendant."

In our opinion, the Court of Appeals committed error. To begin with, the request tendered was incorrect in that it stated that "the plaintiff has introduced in evidence a proof of death of E'd Harmon showing that he has been suffering from tuberculosis for a period of one year from September 5, 1925."

This statement of the physician was not introduced by the defendant in error, but upon cross-examination she was simply asked to make it an exhibit to her testimony. *Life & Cas. Ins. Co.* v. *Robertson,* 6 Tenn. App. Rep., 43.

Counsel for the Insurance Company have cited numerous cases supporting the well recognized rule that where a party makes a written statement against interest he would be bound by such statement, in the absence of a showing that it was made through mistake.

The rule is thus stated by Mr. Wigmore:

"A party's use of a document made by a third person will frequently amount to an approval of its statements as correct and thus it may be used against him as an admission by adoption. A common instance of the application of this principle is the insured's or beneficiary's presentation of proofs of loss to the insurer."

This rule is based upon the principle of estoppel, but it has no application in the instant case. The beneficiary made no statement in writing or otherwse to the insurer to the effect that the insured had tuberculosis at the time of the issuance of the policy; but, on the other hand, when told by the representative of the Company that he was so diseased she repudiated any such idea and declined to settle upon that basis. So that the Insurance Company was in nowise misled or prejudiced, and did not rely upon any statement which she had made to it.

Furthermore, no such question was raised by the pleadings or relied upon in the trial court, so far as the record shows, but the parties went to trial, as heretofore stated, upon the sole issue as to whether the insured had tuberculosis on May 25, 1925.

When the court instructed the jury that they could consider the hearsay statement contained in the physician's certificate, he went as far as he was justified in doing, and had this part of the statement been excepted to it would have been incompetent. *Life & Cas. Ins. Co. v. Robertson, supra.* If the beneficiary had made the certificate of the physician her statement by some method of adoption the case would be different.

The substance of the special request is in this language: "Unless you find that the proof was submitted through mistake or the proof contained in the same has been refuted by the preponderance of the evidence," etc. The court having admitted the statement, and having stated to the jury that they must find from a preponderance of the testimony, including said statement, that the deceased did not have tuberculosis on the 25th of May, we further find that the trial court had, in effect, charged the substance of this special request.

It results that the judgment of the Court of Appeals will be reversed, and that of the trial court affirmed.